[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 11, 1968 at Valley Stream, New York. The plaintiff has resided continuously in this state since 1973. There are three children issue of the marriage, only one of whom is a minor: Brian L. DeVito, born May 21, 1977.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. CT Page 3959 Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in46b-56, 46b-81, 46b-82 and 56b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
This is a marriage of approximately 24 years. The wife is 46 years of age and the husband is 47 years old. Both parties are in poor health. The wife has colitis and is on constant medication. The husband suffers from Karposi's Sarcoma a type of cancer which is evidenced by lesions on the lower extremities. Although at the present time this cancer appears under control, it is however, a progressive disease.
There are three children of this marriage only one of whom is a minor. The oldest boy is a junior at the University of Vermont and the middle boy plans to attend college in the fall of 1992.
Both parties are college graduates. Up until 1989, the wife remained at home and assumed the traditional role of homemaker, devoting herself to her three children, her husband and her home. In 1989, after the plaintiff obtained her realtor's license, she went to work as a realtor, working around her colitis problem. In January 1992 she sought other employment and has obtained a clerical position at Merrill-Lynch at which she presently earns $22,000 per year. She also continues as a realtor but in view of today's real estate market, her commissions have been low.
Up until December 1988, the defendant was employed on Wall Street as a securities trader in commercial paper, his expertise, earning approximately $150,000 per year. The defendant's employment was terminated in December 1988 and he received a three month severance pay. Thereafter he found employment with the Jessup Group in Connecticut earning $36,000 per year.
In June 1990, the defendant went to work for his father in the trucking and fuel oil business, earning approximately $4,000 per month in addition to free housing and medical coverage.
The defendant claims he has made serious efforts to obtain employment in the securities field without success and that at the present time he is only earning $2,000 per month in his father's business. The defendant's father is presently 75 years of age and the defendant is the only son to go into the business which appeared to be lucrative.
Since 1989 the parties have gone through the husband's pension fund of approximately $175,000 and a home equity loan of $166,000. The home equity loan on the marital home is in default and a CT Page 3960 foreclosure action has been commenced. The parties have no savings. The defendant has credit card and miscellaneous liabilities (excluding family loans), of approximately $51,000. There is a question as to whether the first mortgage on the marital home of approximately $23,000 has been paid off or is still a valid first mortgage.
The only remaining asset of this marriage is the marital home which is on the market for sale and is in a foreclosure proceeding. There may be little, if any, equity in this real estate.
The court has weighed the equities in this matter and has reviewed all the statutory criteria. Both parties are about the same age, and both parties are in poor health. The husband has an ability to earn $150,000 per year. Historically, he was the primary wage earner of the family. At the present time he is employed in the father's business and lives rent free in a home owned by his father. His medical coverage is paid by the company.
The wife, on the other hand, is recently into the labor market having devoted most of her time in the traditional role of homemaker and mother. She is presently earning approximately $22,000 per year. She does not have the earning ability of her husband nor does she have the ability to acquire assets in the future.
The court found this a difficult case in which to determine a financial settlement that would be fair and equitable to both parties. Although the court has striven to be fair and equitable, this may be a case where there is no fair resolution that satisfies both parties.
Unfortunately, the parties were unable to resolve their marital difficulties and were unable to work out a financial resolution of this matter. No point would be served in reviewing all the evidence presented with respect to fault. The evidence presented indicates that the greater fault for the cause of the break down must be attributed to the defendant.
The court has carefully considered all the statutory criteria in reaching the decisions reflected in the orders that follow.
Real Property
The marital property located at 24 West Trail Lane, Stamford, Connecticut shall continue to be listed for sale and said property shall be sold at a price agreeable to both parties. The court shall retain jurisdiction with respect to any disputes arising out of the sale of this property. CT Page 3961
The plaintiff shall have the exclusive use of the premises until such time as the property is sold or a judgment of foreclosure has entered. The plaintiff shall be responsible for the utilities so long as she occupies the premises.
The defendant shall be responsible for the home owners insurance and fuel for the premises. The defendant shall be responsible for the payments on the first mortgage. As previously indicated, a foreclosure action has been initiated with respect to the home equity loan on the marital home.
Upon the sale of the marital home and after the payment of the first mortgage, the home equity loan, usual closing costs and real estate commission, the net proceeds shall be divided equally between the parties.
With respect to the capital gains tax, it is ordered that the defendant shall be responsible for 2/3 (two-thirds) of any said tax and the plaintiff shall be responsible for 1/3 (one-third).
Custody
There shall be joint custody of the minor child with physical custody to the plaintiff. The defendant shall have reasonable, liberal and flexible rights of visitation with the minor child.
Child Support
The defendant shall pay to the plaintiff, the sum of $600 per month as child support until the child attains the age of 18, marries, dies or becomes emancipated.
Medical Insurance
The defendant shall provide and maintain medical insurance for the benefit of the minor child. Any unreimbursed medical expense shall be equally divided between the plaintiff and the defendant.
Alimony
The defendant during his lifetime, shall pay to the plaintiff for her support and maintenance the sum of $500 per month as alimony. Said alimony shall be paid until the plaintiff shall die or remarry or the death of the defendant.
The award of alimony is based on the defendants present income as testified to and as shown on his current financial affidavit.
Personal Property CT Page 3962
1. The household furnishings and furniture shall be divided between the parties as they shall agree. If the parties are unable to agree, they are referred to the Family Services Division for mediation. The court reserves jurisdiction to conduct a hearing and issue orders if the parties are unable to agree.
2. Each party shall be entitled to the remaining assets as reflected on their respective financial affidavits.
Life Insurance
1. The plaintiff shall be the owner of the two Connecticut General Insurance Policies, #5023206 and #5023205. The defendant shall forthwith transfer his interest in said policies to the plaintiff, including any and all cash surrender value.
2. The defendant shall name the minor child as beneficiary on the Penn Mutual Insurance Policies totaling $24,000. The defendant shall maintain said policies for so long as he has an obligation for child support.
Debts
1. The defendant shall be solely responsible for the debts as listed on his financial affidavit and shall hold the plaintiff harmless from any and all liability.
2. The plaintiff shall be solely responsible for the debts as listed on her financial affidavit and shall hold the defendant harmless from any and all liability.
COPPETO, JUDGE